# IN THE COURT OF APPEALS OF IOWA

No. 14-1937
Filed October 14, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**EDDIE CHEST,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.


        Appeal from the sentence on remand for resentencing.  **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**


        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Martha E. Trout, Assistant Attorneys General, Ralph Potter, County Attorney, and Chris Corken, Assistant County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

This is the third time this case has been before the court. On the first occasion, the defendant Eddie Chest challenged his sentence, contending the district court considered an impermissible factor in imposing sentence. *See State v. Chest*, No. 11-0262, 2011 WL 4952951, at *1 (Iowa Ct. App. Oct. 19, 2011). The court affirmed the defendant's sentence. *See id.* at 3. On the second occasion, arising out of a postconviction-relief claim, the court held Chest's plea counsel rendered constitutionally-ineffective assistance in not challenging the State's breach of the plea agreement. *See Chest v. State*, No. 13-0069, 2014 WL 1494900, at *8 (Iowa Ct. App. April 16, 2014). The court vacated the sentence and remanded for resentencing. In this appeal, the defendant contends the State again breached the parties' plea agreement by not recommending the bargained-for sentence. We agree.

The defendant's criminal conduct is set forth in sufficient detail in our prior cases and need not be repeated here. What is material to this case is the defendant agreed to plead guilty to attempted murder and first-degree robbery in exchange for the State's agreement to dismiss two weapons charges and to recommend the defendant's sentences be served concurrent to each other. At the first sentencing hearing, the assistant county attorney reluctantly recommended the imposition of concurrent twenty-five year sentences but also made many contradictory statements expressing material reservation regarding the plea agreement. *See id.* at 8; *see also State v. Frencher*, No. 14-1021, 2015 WL 3876726, at *2 (Iowa Ct. App. June 24, 2015) (discussing the material

reservation standard).  The district court imposed consecutive sentences.  We noted the prosecutor's "reluctant and contradictory statements breached [the] agreement and tainted the entire sentencing proceeding."  *Chest*, 2014 WL 1494900, at *7.  We further explained, "When the State assumes an obligation to make a certain sentencing recommendation as part of a plea agreement, 'mere technical compliance is inadequate; the State must comply with the spirit of the agreement as well.'"  *Id.* at *5 (quoting *State v. Horness*, 600 N.W.2d 294, 296 (Iowa 1999)).  We thus remanded the case for resentencing with the following directive:

> The appropriate remedy, . . . is that Chest should get the benefit of his bargain: a hearing before a new sentencing judge with a *meaningful recommendation from the prosecutor that is consistent with the terms of the plea agreement and the established standard of a recommendation*.

*See Chest*, 2014 WL 1494900, at *7.

On remand, the same prosecutor failed to make a meaningful recommendation consistent with the terms of the plea agreement.  The entirety of the State's recommendation at resentencing is as follows:

> Well, Your Honor, the State is well aware of what the appellate court decision is and we believe that the appellate court's decision was directed at the behavior of the State, and in light of that, the State's position at this time is the same as it was originally, that we support the plea negotiation and we have nothing further to say.

The State did not recommend the sentencing court follow the plea agreement.  The State did not recommend the bargained-for sentence.

> A fundamental component of plea bargaining is the prosecutor's obligation to comply with a promise to make a sentencing recommendation by doing more than simply informing the court of

the promise the State has made to the defendant with respect to sentencing. The State must actually fulfill the promise. Where the State has promised to "recommend" a particular sentence, we have looked to the common definition of the word "recommend" and required

> the prosecutor to present the recommended sentence with his or her approval, to commend the sentence to the court, and to otherwise indicate to the court that the recommended sentence is supported by the State and worthy of the court's acceptance.

*State v. Bearse*, 748 N.W.2d 211, 215-16 (Iowa 2008) (internal quotations and citations omitted).

We again vacate the sentence and remand for proceedings before a new judge and direct the State to make a meaningful recommendation consistent with both the terms of the plea agreement and the established standard of a recommendation. *See id.* Because of our resolution of Chest's first claim, we need not address Chest's remaining claim.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**